# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:23-CV-00285-FDW

| | |
|---|---|
| JOHN FRANK DICHIARA, ) ) Plaintiff, ) ) v. ) ) MARTIN O'MALLEY[1], ) Commissioner of Social Security, ) ) Defendant. ) ) | ORDER |

THIS MATTER is before the Court on Claimant John Frank Dichiara's ("**Claimant**") Social Security Brief, (Doc. No. 5), filed on October 13, 2023; Defendant Commissioner of Social Security's (the "**Commissioner**") Social Security Brief, (Doc. No. 9), filed on January 12, 2024; and Claimant's Social Security Reply Brief, (Doc. No. 10), filed on January 25, 2024. Claimant, through counsel, seeks judicial review of an unfavorable decision denying his application for a period of disability and Disability Insurance Benefits ("**DIB**") under Title II of the Social Security Act (the "**Act**").

This matter is now ripe for review. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth herein, **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g)[2] for proceedings consistent with this Order.

---

[1] This case was originally filed against Kilolo Kijakazi, then-Acting Commissioner of Social Security of the United States of America. The Court is substituting in his place, Martin O'Malley, who is now the Commissioner of Social Security, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

1

I.    BACKGROUND

On June 28, 2020, Claimant filed a Title II application for a period of disability and DIB, alleging disability beginning on April 15, 2018. (Tr. 72.) On November 5, 2020, Claimant's application was denied initially, and then on January 19, 2022, Claimant's application was again denied upon reconsideration. (Tr. 31.) On September 1, 2022, the Administrative Law Judge ("**ALJ**") held a telephone hearing due to the circumstance of the Coronavirus Disease 2019 ("**COVID-19**") Pandemic. (Tr. 49.) Claimant, Claimant's attorney, and an impartial vocational expert ("**VE**") all attended this hearing. (Tr. 47.) On September 22, 2022, the ALJ determined Claimant was not disabled under the Act. (Tr. 42.)

Pursuant to 20 C.F.R. § 404.1520(a), the ALJ used a five-step sequential evaluation process for determining whether Claimant was disabled. (Tr. 32.) At step one, the ALJ found Claimant had not engaged in substantial gainful activity since April 15, 2018, the alleged onset date. (Tr. 33.) At step two, the ALJ determined Claimant had severe impairments of: hearing loss, Grave's disease with ocular component, prostate cancer, testicular cancer, history of right knee surgery, sciatica, schizoaffective disorder, generalized anxiety disorder/panic disorder, post-traumatic stress disorder ("**PTSD**"), and attention deficit-hyperactivity disorder ("**ADHD**"). (Tr. 33.) Additionally, the ALJ found Claimant's evidence of appendicitis, resulting in an appendectomy, and evidence of a stroke in 2015 both did not qualify as severe impairments for the period at issue. (Id.) At step three, the ALJ determined none of Claimant's impairments, nor any combination of the impairments, met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 34.) After step three the ALJ explained Claimant's residual functional capacity ("**RFC**"):

> [Claimant has] the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following provisos: he is able to frequently climb

ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; limited to a noise level of no more than three, or moderate, as defined in the Selected Characteristics of Occupations (SCO); he is able to understand and perform simple, routine, repetitive tasks; maintain concentration, persistence, and pace to stay on task for two-hour periods over a typical eight-hour workday with normal breaks in order to perform such tasks, in a work setting that is low stress, which, in addition to the nature of work that is being performed, is also defined by the work setting not being production-paced or quota based; rather, he requires a goal-oriented job that primarily deals with things rather than people; no more than occasional social interaction with supervisors, co-workers, and the public as part of the job.

(Tr. 36-7.)

At step 4, the ALJ found Claimant could not perform any past relevant work based on Claimant's RFC. (Tr. 40.) Lastly, at step five, the ALJ asked the VE whether jobs existed in the national economy for an individual with Claimant's age, education, work experience, and RFC. (Tr. 41.) The VE testified, given those factors, an individual would have been able to perform the requirements of representative occupations such as: housekeeper, marker, and routing clerk. (Id.) The ALJ found Claimant capable of making a successful adjustment to work existing in significant numbers in the national economy. (Id.) The ALJ therefore concluded Claimant had not been under a disability, as defined by the Act, from April 15, 2018, through the date of the decision, September 22, 2022. (Id.)

On March 30, 2023, the Social Security Administration's Appeals Council denied Claimant's request for review of the ALJ's decision, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security in this case. (Tr. 1.) Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g). (Tr. 3.)

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

3

Case 3:23-cv-00285-FDW   Document 11   Filed 06/27/24   Page 3 of 9

Commissioner's decision, Richard v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. Flesher, 697 F. App'x 212 (citing 20 C.F.R. § 404.1520). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged

4

Case 3:23-cv-00285-FDW   Document 11   Filed 06/27/24   Page 4 of 9

period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. Id.; see Lewis, 858 F.3d at 861; see also Monroe v. Colvin, 826 F.3d 176, 180 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotation marks omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1566, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

5

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 634–35. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

#### A. Claimant's Assignment of Error

Claimant identifies one assignment of error on appeal: (1) the ALJ erred when he failed to properly evaluate the Claimant's subjective complaints pursuant to SSR 16-3p. (Doc. No. 5, p. 9.) Specifically, Claimant argues the ALJ failed to consider the objective evidence to support Claimant's subjective complaints of his mental health limitations when evaluating the RFC. (Id. at 15.) SSR 16-3p is the Social Security Ruling which "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act." SSR 16-3P (S.S.A. Mar. 16, 2016). However, here, the Court cannot properly evaluate Claimant's alleged error. For the reasons described below, the Court finds the ALJ's decision does not allow for meaningful judicial review because the ALJ's RFC assessment contains too little explanation.

### B. The ALJ's RFC Determination

Here, the ALJ's decision lacks analysis and narrative explanation for the Court to conduct meaningful judicial review. Several aspects of the RFC analysis and final determination require this Court to remand the ALJ's decision.

It is the administrative law judge's responsibility to assess the residual functional capacity. 20 C.F.R. § 404.1546(c). "The RFC 'assessment must first identify the individual's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis.'" Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996)). When an ALJ assesses the RFC, the "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. (see also SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996)). If a function is contested by the parties, then "assessing the [Claimant]'s ability to [perform said function] is critically relevant to determining [his] disability status." Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 389 (4th Cir. 2021). If an ALJ's RFC analysis "contains too little logical explanation [then it does not allow for] meaningful appellate review." Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019).

The ALJ's RFC assessment was not conducted in the proper manner. (Tr. 36-7.) In order to conduct "'a proper RFC analysis' [it must proceed] in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" Dowling, 986 F.3d at 388 (quoting Thomas, 916 F.3d at 311). Here, the ALJ starts with a conclusion and then lists evidence without giving a proper narrative explanation to tie together his findings and final determination. The ALJ stated the RFC, stated the record evidence, and then concluded "Claimant's combined impairments would not preclude him from performing work within the parameters of the RFC noted above." (Tr. 40.) The

7

court in Thomas and Dowling held stating the RFC before identifying evidence and analyzing it with a claimant's impairments is erroneous.

The ALJ's RFC analysis lacks appropriate discussion. In discussing Claimant's RFC, the ALJ states:

> "The Claimant alleges he has impairments that prevent him from performing basic work-related activities. [Claimant] attested that he experiences panic attacks multiple times a week, which last for about an hour. He experiences depressed mood, tearfulness, auditory hallucinations, and low motivation. He reported poor concentration and difficulty with focus. He isolates and is easily overwhelmed." (Hearing Testimony; Exhibits 6E; 9E; 3F/27; 11F/11)."

(Tr. 38.)

The ALJ then goes on to list Claimant's mental impairments and evidence from the record on how medical professionals found Claimant to appear during visits and appointments. (Tr. 38-39.) The Social Security Ruling on assessing RFC requires an assessment to "include a narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636. However, given all the evidence cited, the ALJ does not explain what evidence the ALJ found to be more convincing or how he balanced out any inconsistencies. The ALJ does not tie together the evidence to his final RFC determination explaining how the RFC limitations will account for Claimant's alleged mental impairments.

Additionally, the record evidence the ALJ cited does not reveal how Claimant's panic attacks multiple times a week, lasting up to one hour, would allow being able to work a typical eight-hour day with normal breaks. It is unclear whether the limitation of "normal breaks in a work setting that is low stress" is aimed to account for all of Claimant's mental impairments. While the ALJ referenced several reports in the record, he does not create an "accurate and logical bridge" between those findings referenced and how the RFC determination accounts for the impairments. Monroe v. Colvin, 826 F.3d, 176, 189 (4th Cir. 2016) (citing Clifford v. Apfel, 227

8

F.3d 863, 872 (7th Cir. 2000)). If the ALJ concludes Claimant's panic attacks are not as severe as alleged, the ALJ does not sufficiently explain how the objective evidence is inconsistent with the hearing testimony or other subjective complaints on the record.

The ALJ's lack of analysis and narrative explanation in the RFC assessment does not allow for meaningful judicial review. Therefore, remand is appropriate to allow the ALJ "to give us a clearer window into [his] reasoning." Thomas, 916 F.3d at 313.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that, for the foregoing reasons, this case is **REMANDED**[3] to the Commissioner for further proceedings consistent with this ORDER.

**IT IS SO ORDERED.**

Signed: June 27, 2024

Frank D. Whitney
United States District Judge

---

3 In remanding the Commissioner's decision, the Court expresses no opinion on the merits of Plaintiff's claim for disability. The Court expressly provides that an order of "remand" here does not mandate a finding of disability. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).